IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CV-352-H

DONNA PILCH,

    Plaintiff,

v.        ORDER

LORRIN FREEMAN,

    Defendant.

This matter is before the court on defendant's motion to dismiss along with several motions filed by plaintiff. Also before the court are defendant's motion for sanctions and renewed motions for sanctions. Defendant has responded to several of plaintiff's motions. The plaintiff did not file a response to defendant's motion to dismiss.

This is one of five pro se actions recently filed by the plaintiff, Donna Pilch, against various officials, all stemming from a DWI conviction plaintiff received in state court. Plaintiff brings this action pursuant to Title 42 U.S.C. §§ 1983, 1985 and 1986. In a series of conclusory allegations, plaintiff claims that defendant, the Wake County Clerk of Superior Court, violated state and federal recordkeeping laws,

used fake and fraudulent court documents not approved by the Administrative Office of Courts, issued false arrests, did not allow probable cause hearings on misdemeanor cases, tampered with the Automated Criminal Infractions System, and failed to prevent the use of fake court documents and false arrests.

The court has carefully reviewed this matter, including defendant's motion to dismiss and memorandum in support thereof, as well as plaintiff's various motions. The court finds that plaintiff's complaint should be dismissed for the reasons stated in the defendant's motion to dismiss and memorandum in support thereof. Most, if not all, of plaintiff's claims are barred by the doctrine of sovereign immunity. Furthermore, even if they are not barred by sovereign immunity, plaintiff's conclusory allegations are wholly without merit or basis in law or fact and therefore fail to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). Plaintiff alleges no facts against defendant that state a claim which is plausible on its face. Plaintiff cannot appeal or attack a state-court judgment in federal court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) ("Review of [state-court] determinations can be obtained only in [the Supreme Court].") Plaintiff's claims are, therefore, barred by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,

2

544 U.S. 280, 284 (2005) (holding that Rooker-Feldman doctrine bars federal jurisdiction where a party to a state-court action files suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment); Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984) (invoking the "well settled rule that a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action"). Finally, plaintiff failed to effect proper service upon the defendant, as detailed in defendant's memorandum.

The court has reviewed plaintiff's motions for leave to add a defendant and finds them to be futile.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted, and plaintiff's complaint is dismissed in its entirety. All remaining motions, except for defendant's motions for

3

sanctions [DE #16 and #24] are denied. The court will rule on the motions for sanctions by separate order.

This 12TH day of December 2011.

/s/ Malcolm J. Howard
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

4